UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERNON SPEAK,

      Plaintiff,

v.                                     Case No. 2:18-cv-826-FtM-66NPM

STEVE WHIDDEN in both his individual
capacity and in his official capacity as
SHERIFF OF HENDRY COUNTY,

      Defendant.

**ORDER**

Before the Court is the Motion for Protective Order and to Quash Witness Subpoena (Doc. 43) filed on behalf of non-party John W. Dommerich, Jr., in his official capacity as an Assistant State Attorney. Plaintiff Vernon Speak filed an opposition (Doc. 50), Defendant Steve Whidden filed a reply (Doc. 54), and Speak filed a sur-reply (Doc. 57).

While not cited in the motion, it appears that pursuant to Federal Rule of Civil Procedure 45(d)(3), ASA Dommerich seeks a protective order or alternatively to quash the subpoena served on him for his deposition. Indeed, the motion is based solely on state rather than federal standards for a protective order or quashing a subpoena. But when a plaintiff raises both federal and pendent state claims, as is the case here, <u>federal</u> law of privilege applies. *See Salter v. McNesby*, No. 3:06-CV-110-MCR-EMT, 2006 WL 8443140, *2 (N.D. Fla. Sept. 8, 2006) (citing *Hancock v. Hobbs*, 967 F.2d 462, 467-68 (11th Cir. 1992)).

Pursuant to Rule 45, a court may quash or modify a subpoena or, alternatively, specify conditions for an appearance or production. Fed. R. Civ. P. 45(d)(3). Under Federal Rule of Civil Procedure 26(c)(1), any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Before reaching the merits of the motion, the Court disposes of Whidden's arguments. Whidden objected to the deposition in his Reply, but never articulated standing. "A party has standing to challenge a non-party subpoena if the party alleges a 'personal right or privilege' with respect to the subpoena or if a subpoena seeks irrelevant information." *McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-CV-353-ORL-WWBDCI, 2019 WL 5391104, *2 (M.D. Fla. Aug. 14, 2019) (citations omitted). A party also has standing to challenge the proportionality of the information sought. *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 589 (M.D. Fla. 2016). But a party has no standing to object to a non-party subpoena on the basis that the subpoena is burdensome, oppressive or overly broad. *McCoy*, 2019 WL 5391104, at *2. Whidden does not assert a privilege. (Doc. 54). And as explained in Speak's Sur-Reply (Doc. 57), Whidden agreed that Speak could exceed the standard deposition limit and did not object to the deposition of ASA

2

Dommerich when Speak noticed this deposition. *See* Doc. 57-2, pp. 2, 5 ("Plaintiff is over the limit [of depositions] but Defendant will not object to those identified in your notice," which included Dommerich.). Therefore, even if Whidden had standing, he waived any objection to this deposition.

For examining the merits of Dommerich's motion, the Court takes note of the factual backdrop. In a nutshell, Speak claims he suffered from retaliatory actions, including his termination as a detective with the Hendry County Sheriff's Office, because he truthfully testified in a civil deposition that Sheriff Whidden improperly interfered with Speak's investigation of a hit-and-run incident. And Speak similarly contends that Whidden generated a pretext for Speak's termination by interfering with the investigation and prosecution of a "chop shop" case that may have been embarrassing to Whidden both personally and professionally due to possible connections between his family and employees and the potential defendants or their accomplices.

Speak and Dommerich worked together on the chop shop case, and Speak contends Dommerich had conversations with him about how actions of the Sheriff's Office frustrated the effort to prosecute the case. (Doc. 50, p. 2). Speak also asserts that Dommerich likely has relevant knowledge about Speak's proper exercise of his duties and the allegedly retaliatory or pretextual actions taken against him. (*Id.*, pp. 2-3).

As grounds to quash or for a protective order, Dommerich states that his knowledge of the events relates to the investigation and potential prosecution of a case while in his official capacity as a state prosecutor. (Doc. 43, pp. 1-2). Dommerich asserts work-product protection and, because the decision whether to prosecute a case rests within the absolute discretion of the State Attorney, he further contends that he has no

3

relevant, admissible or non-privileged information. (*Id.*, p. 3). Alternatively, he claims Speak should undertake less intrusive methods to obtain this discovery. (*Id.*).

Dommerich cites only state law to support his request. But even if state law were controlling, the cited cases are factually and legally distinguishable and not persuasive. In particular, while Speak seeks to depose Dommerich in a civil action to which Dommerich is neither a party nor counsel for a party, Dommerich relies on a line of cases concerning attempts by criminal defendants to depose their prosecutors. (Doc. 43, p. 2). In *State v. Donaldson*, 763 So. 2d 1252, 1255 (Fla. 3d DCA 2000), the court held that the defendant in a civil commitment proceeding was not entitled to depose his prosecuting attorney because he could inquire about the prosecutor's communications with the professional team that recommended his commitment when deposing the team. In *Olson v. State*, 705 So. 2d 687, 690-691 (Fla. 5th DCA 1998), the court reasoned that the trial court properly quashed the defendant's attempt to depose his prosecutors prior to trial about their communications with a witness. And in *Eagan v. DeManio*, 294 So. 2d 639, 640-641 (Fla. 1974), the court held that the defendant had not made an adequate showing that he was entitled to pretrial depositions of his prosecutors about their investigation of him. And of note, the Florida Supreme Court reasoned in *Eagan* that even in the course of prosecuting a criminal case, the prosecutors "do not stand immune from discovery." *Id*. at 640.

Further, citing *State v. Cain*, 381 So. 2d 1361, 1367-1368 (Fla. 1980) and *Valdes v. State*, 728 So. 2d 736, 739 (Fla. 1999), Dommerich argues the decision to prosecute rests in the absolute discretion of the prosecutor and courts cannot interfere with a prosecutor's control over a criminal prosecution. (Doc. 43, p. 2). From this proposition,

Dommerich argues that he is immune from any deposition questions about why a case was or was not prosecuted. (Doc. 43, p. 2). But while these cases support the proposition that prosecutors have discretion whether to prosecute a case, they do not stand for the proposition that a prosecutor cannot be deposed as a non-party to a civil action about matters related to their work. As but one example, prosecutors are not immune from suit (and they are thereby subject to deposition) concerning their pretrial interactions with police. *Burns v. Reed*, 500 U.S. 478, 492–96 (1991).

Finally, Dommerich cites state cases concerning work-product protection. (Doc. 43, p. 2). But even in cases in which the substantive law of a state applies to the claims and defenses at issue, the work-product protection codified in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure is governed by federal law. *Rahmings v. Essary*, No. 2:10-CV-716-FTM-29DNF, 2011 WL 13141665, *2 (M.D. Fla. Aug. 29, 2011) (citations omitted). Pursuant to Rule 26(b)(3)(A), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." The purpose of this protection is to shield opposing counsel's trial preparation materials from discovery, unless "'the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.'" *Rahmings*, 2011 WL 13141665, at *2 (quoting Fed. R. Civ. P. 26(b)(3)(A)(ii)).

While work-product protection and other privileges may apply to some areas of inquiry, that does not mean the entire deposition must be foreclosed. Moreover, the contemplated deposition would not concern an ongoing investigation, and the parties

apparently contemplate the deposition can be completed within two hours. (Doc. 57-2, pp. 2, 5).

Accordingly, it is **ORDERED**:

(1) The Motion for Protective Order and to Quash Witness Subpoena (Doc. 43) is **DENIED**.

(2) The parties and ASA Dommerich are to coordinate so that the deposition will be completed by September 4, 2020.

**DONE** and **ORDERED** in Fort Myers, Florida on August 17, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE